IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 25-CR-00095 |
| | ) | |
| Plaintiff, | ) | **INDICTMENT** |
| | ) | |
| vs. | ) | Count 1 |
| | ) | 18 U.S.C. § 1344 and § 2(b): |
| KYLIE JO BENCH, formerly known as | ) | Financial Institution Fraud |
| "Kylie Jo Parrish," | ) | |
| | ) | Count 2 |
| Defendant. | ) | 18 U.S.C. § 1028A(a)(1) and § 2(b): |
| | ) | Aggravated Identity Theft |
| | ) | |
| | ) | Count 3 |
| | ) | 18 U.S.C. § 157 and § 2(b): |
| | ) | Bankruptcy Fraud |

The Grand Jury charges:

## Count 1

### Financial Institution Fraud

Introduction

At all relevant times to this Indictment:

1. In about June 2022, CU-1 hired defendant KYLIE JO BENCH as a loan officer at one of CU-1's branches in Burlington, Iowa. The National Credit Union Administration insures the deposits of CU-1, which is headquartered in Dubuque, Dubuque County, within the Northern District of Iowa.

2. When CU-1 hired defendant KYLIE JO BENCH, defendant had at least two outstanding vehicle loans on late-model vehicles at other financial institutions. Specifically, prior to her employment at CU-1, defendant had obtained

1

loans on (1) a 2018 Ford-150 at CU-2 ("the Ford") in about February 2022; and (2) a 2019 Dodge Durango ("the Dodge") at CU-3 in about May 2022. By June 2022, defendant owed approximately $50,000 on each vehicle, for an approximate total of $100,000 in outstanding vehicle loans at CU-2 and CU-3.

3.      Dealer-1 is a vehicle dealership with locations in Cedar Rapids, Linn County, Iowa, within the Northern District of Iowa and elsewhere.

### The Scheme to Defraud

4.      In about August 2022, in the Northern District of Iowa and elsewhere, defendant KYLIE JO BENCH did knowingly devise and execute a scheme and artifice to defraud a financial institution, CU-1, and to obtain the moneys, funds, assets, and other property under the custody or control of that financial institution by means of false and fraudulent pretenses, representations, and promises ("the scheme to defraud").

### Manner and Means of the Scheme to Defraud

5.      It was part of the scheme to defraud that, after obtaining employment at CU-1, defendant KYLIE JO BENCH refinanced her loans on the Ford and the Dodge at CU-1. Specifically, defendant and Individual-1 obtained joint loans at CU-1, whereby CU-1 paid off defendant's pre-existing loans on the Ford and the Dodge, as follows: (1) $52,709.22 to repay the loan at CU-2 for the Ford; and (2) $52,116.13 to repay the loan at CU-3 for the Dodge. It was part of the scheme to defraud that, after CU-1 paid off defendant's vehicle loans at CU-2 and CU-3, defendant caused the Ford and the Dodge to be sold at Dealer-1 without disclosing

2

or recording CU-1's security interest in the vehicles on the vehicle's titles. To the contrary, defendant caused the Ford and the Dodge to be sold to Dealer-1 on the false and fraudulent pretense that no creditor had any security interest in either vehicle. Finally, it was part of the scheme to defraud that defendant provided Dealer-1 a fictitious and fraudulent letter, purportedly signed by one of CU-1's executives, N.B., and on fictitious letterhead of CU-1, which falsely stated that Individual-1's vehicle loans with CU-1 were "paid off" and had "a zero balance" when, in truth, neither defendant nor Individual-1 had repaid the vehicle loans at CU-1 in full.

Execution of the Scheme to Defraud

7. On or about August 26, 2022, defendant KYLIE JO BENCH knowingly executed and attempted to execute, and caused to execute, the above-described scheme to defraud by presenting Dealer-1 with a vehicle title to the Durango that did not disclose CU-1's security interest in such vehicle.

8. This was in violation of Title 18, United States Code, Sections 1344 and 2(b).

**Count 2**
**Aggravated Identity Theft**

9. Paragraphs 1 through 7 above are incorporated by this reference.

10. In about August 2022, defendant KYLIE JO BENCH, in the Northern District of Iowa and elsewhere, did knowingly transfer, possess, and use, and cause to be transferred, possessed, and used, without lawful authority in order to deceive and defraud, a means of identification of another person, specifically, the signature

3

of N.B., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, Financial Institution Fraud as alleged in Count 1 above, knowing that the means of identification belonged to another actual person.

11. This was in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2(b).

## Count 3
## Bankruptcy Fraud
### Introduction

12. Paragraphs 1 through 3 above are incorporated by this reference.

13. On or about March 3, 2023, defendant KYLIE JO BENCH caused Attorney-1 to file a voluntary chapter 7 bankruptcy petition and attached schedules and statement of financial affairs ("SOFA") in *In re Kylie Jo Bench*, No. 23-00224 (S.D. Iowa), a proceeding under Title 11 of the United States Code.

### The Scheme to Defraud

14. Paragraph 4 above is incorporated by this reference.

### Execution of the Scheme to Defraud

15. On or about March 3, 2023, having devised and intending to devise the scheme to defraud, and for the purpose of executing and concealing said scheme to defraud, and attempting to do so, defendant KYLIE JO BENCH caused Attorney-1 to file a SOFA in and in relation to *In re Kylie Jo Bench*, No. 23-00224 (S.D. Iowa), in which defendant falsely stated, "No", under penalty of perjury, to the following question in her SOFA: "Within 1 year before you filed for bankruptcy, did you . . . transfer any property on account of a debt that benefitted an insider?" In truth,

4

defendant had transferred property on account of a debt that benefitted an insider, specifically, defendant transferred the Ford and the Dodge to Dealer-1 on account of a debt that benefitted Individual-1, an insider.

16. This was in violation of Title 18, United States Code, Sections 157 and 2(b).

A TRUE BILL

_____  11/19/25
Grand Jury Foreperson          Date

LEIF OLSON
United States Attorney

By: _Timothy L Vavricek_

TIMOTHY L. VAVRICEK
Assistant United States Attorney

PRESENTED IN OPEN COURT
BY THE
FOREMAN OF THE GRAND JURY

And filed 11/19/2025
PAUL DE YOUNG, CLERK

5