

U. S. Department of Justice

*United States Attorney*
*Northern District of Iowa*

---

111 Seventh Avenue SE    319-363-6333
Box 1    319-363-1990 (fax)
Cedar Rapids, IA 52401-    319-286-9258 (tty)
2101

March 11, 2026

Mr. Christopher J. Nathan
Assistant Federal Public Defender
Northern District of Iowa
222 3rd Avenue SE, Suite 290
Cedar Rapids, Iowa 52401

     Re:    *United States v. Kylie Jo Bench, No. 25-CR-95*

Dear Mr. Nathan:

     This letter will serve as a FIRST memorandum of a proposed plea agreement between the United States Attorney's Office for the Northern District of Iowa and Kylie Jo Bench, defendant. All references to the "United States" or "government" in this proposed plea agreement refer to the United States Attorney's Office for the Northern District of Iowa and to no other governmental entity. This plea offer will expire on March 13, 2026, unless otherwise extended by the government. **The government has made no prior plea offers in this case.**

## CHARGES AND PENALTIES

1. \_\_KB\_\_ Defendant will plead guilty to Counts 2 and 3 of the Indictment filed on November 19, 2025. Count 2 charges Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. Count 3 charges Bankruptcy Fraud, in violation of 18 U.S.C. § 157.

2. \_\_KB\_\_ Defendant understands that Count 2 of the Indictment is punishable by (1) a mandatory two-year term of imprisonment, which must run consecutively to all other counts of conviction; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of up to one year.

3. \_\_KB\_\_ Defendant understands that Count 3 of the Indictment is punishable by the following maximum penalties (1) up to five years' imprisonment;

GOVERNMENT
EXHIBIT
1
25-CR-95

(2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of up to three years.

4. ___ Defendant may be subject to the alternative fine provisions of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on defendant is the greatest of the following amounts: (1) twice the gross gain to defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense.

5. ___ Defendant understands restitution and a term of supervised release following incarceration may be imposed in addition to any other sentence. Defendant further acknowledges that, if defendant violates, at any time, any condition of supervised release, defendant could be returned to prison for the full term of supervised release and the Court is not required to grant credit for any amount of time defendant may have successfully completed on supervised release.

6. ___ At the time the guilty plea is entered, defendant will admit that defendant is guilty of the charges specified in Paragraph 1 of this agreement. After sentencing, the government will move for dismissal of any remaining counts. The U.S. Attorney's Office for this District will file no additional Title 18 fraud- or identity-theft-related criminal charges based solely upon information now in our possession. If this office becomes aware of evidence of additional crimes warranting criminal prosecution, all information in our possession could be used in such a prosecution.

7. ___ Defendant understands and agrees defendant has the absolute right to plead guilty before a United States District Court Judge. However, if convenient to the Court, defendant agrees to waive and give up this right and to plead guilty before a United States Magistrate Judge. Defendant understands defendant will not be found guilty unless the United States District Court Judge accepts the plea of guilty or adopts a recommendation of the Magistrate Judge to accept such plea. Defendant agrees to execute the attached consent to proceed before the United States Magistrate Judge.

## NON-COOPERATION

8. ___ Defendant understands and concedes that, although defendant is not required by the terms of this plea agreement to testify before any Court or grand jury, the United States may take the prescribed actions under 18 U.S.C. § 6001, *et. seq.* or any other applicable provision of law to compel defendant's testimony. Defendant agrees that, if defendant refuses to testify after being

granted immunity and ordered by the Court to testify, defendant may be found to be in contempt of court and may be punished in accordance with Federal Rule of Criminal Procedure 42 and 18 U.S.C. §§ 401 and 402. Further, the United States Attorney's Office shall be permitted to pursue any other action available to require defendant's testimony or punish defendant's refusal to testify subsequent to any order requiring defendant to testify. Defendant understands and agrees that, because defendant is not cooperating with the government, the United States will not recommend any decrease under §5K1.1 or any other provision of the United States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.

## STIPULATION OF FACTS

9. _KB_ By initialing each of the following paragraphs, defendant stipulates to the following facts. Defendant agrees these facts are true and may be used to establish a factual basis for defendant's guilty plea, sentence, and any forfeiture. Defendant has been advised by defendant's attorney of defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant waives these rights and agrees this stipulation may be used against defendant at any time in any proceeding should defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. Defendant agrees that the stipulation below is a summary of the facts against defendant and does not constitute all of the facts the government would be able to prove at trial and may be able to prove to the Court in accordance with this agreement.


Aggravated Identity Theft

_KB_ A. In June 2022, CU-1 hired defendant as a loan officer at one of CU-1's branches in Burlington, Iowa. The National Credit Union Administration insures the deposits of CU-1, which is headquartered in Dubuque, Dubuque County, within the Northern District of Iowa.

_KB_ B. When CU-1 hired defendant, she had at least two outstanding vehicle loans on late-model vehicles at other financial institutions. Specifically, prior to her employment at CU-1, defendant had obtained loans on (1) a 2018 Ford-150 at CU-2 ("the Ford") in about February 2022; and (2) a 2019 Dodge Durango ("the Dodge") at CU-3 in about May 2022. By June 2022, defendant owed approximately

$50,000 on each vehicle, for an approximate total of $100,000 in outstanding vehicle loans at CU-2 and CU-3.

C. Dealer-1 is a vehicle dealership with locations in Cedar Rapids, Linn County, Iowa, within the Northern District of Iowa and elsewhere.

D. In August 2022, in the Northern District of Iowa and elsewhere, defendant knowingly devised and executed a scheme and artifice to defraud a financial institution, CU-1, and to obtain the moneys, funds, assets, and other property under the custody or control of that financial institution by means of false and fraudulent pretenses, representations, and promises ("the scheme to defraud"). It was part of the scheme to defraud that, after obtaining employment at CU-1, defendant refinanced her loans on the Ford and the Dodge at CU-1. Specifically, defendant and Individual-1 obtained joint loans at CU-1, whereby CU-1 paid off defendant's pre-existing loans on the Ford and the Dodge, as follows: (1) $52,709.22 to repay the loan at CU-2 for the Ford; and (2) $52,116.13 to repay the loan at CU-3 for the Dodge. It was part of the scheme to defraud that, after CU-1 paid off defendant's vehicle loans at CU-2 and CU-3, defendant caused the Ford and the Dodge to be sold at Dealer-1 without disclosing or recording CU-1's security interest in the vehicles or the vehicle's titles. To the contrary, defendant caused the Ford and the Dodge to be sold to Dealer-1 on the false and fraudulent pretense that no creditor had any security interest in either vehicle. Defendant does not stipulate that the scheme to defraud preceded her employment at CU-1 in June 2022.

E. In August 2022, defendant, in the Northern District of Iowa and elsewhere, did knowingly transfer, possess, and use, and cause to be transferred, possessed, and used, without lawful authority in order to deceive and defraud, a means of identification of another person, specifically, the signature of N.B., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, Financial Institution Fraud in violation of 18 U.S.C. § 1344, knowing that the means of identification belonged to another actual person. Specifically, defendant provided Dealer-1 a fictitious and fraudulent letter, purportedly signed by one of CU-1's executives, N.B., and on fictitious letterhead of CU-1, which falsely stated that Individual-1's vehicle loans with CU-1 were "paid off" and had "a zero balance"

when, in truth, neither defendant nor Individual-1 had repaid the vehicle loans at CU-1 in full.

### Bankruptcy Fraud

*KB* F. On March 3, 2023, defendant voluntarily and intentionally caused Attorney-1 to file a voluntary chapter 7 bankruptcy petition and attached schedules and statement of financial affairs ("SOFA") in *In re Kylie Jo Bench*, No. 23-00224 (S.D. Iowa), a proceeding under Title 11 of the United States Code. On March 3, 2023, having devised and intending to devise the scheme to defraud, and for the purpose of executing and concealing said scheme to defraud, and attempting to do so, defendant caused Attorney-1 to file a SOFA in and in relation to *In re Kylie Jo Bench*, No. 23-00224 (S.D. Iowa), in which defendant falsely stated, "No", under penalty of perjury, to the following question in her SOFA: "Within 1 year before you filed for bankruptcy, did you . . . transfer any property on account of a debt that benefitted an insider?" In truth, defendant had transferred property, in the Northern District of Iowa, on account of a debt that benefited an insider, specifically, defendant transferred the Ford and the Dodge to Dealer-1 on account of a debt that benefited Individual-1, an insider.

## SENTENCING PROVISIONS

10. *KB* Defendant understands and agrees to be sentenced based on facts to be found by the sentencing judge by a preponderance of the evidence and agrees facts essential to the punishment need not be (1) charged in the Indictment; (2) proven to a jury; or (3) proven beyond a reasonable doubt. The Court may also consider other information concerning the background, character, and conduct of defendant.

11. *KB* During plea negotiations the parties may have discussed how various factors could impact the Court's sentencing decision and the determination of the advisory sentencing guidelines range. The parties agree, however, that discussions did not result in any express or implied promise or guarantee concerning the actual sentence to be imposed by the Court. Defendant understands the Court is not bound by the stipulations of the parties, nor is it bound by the sentencing range as determined pursuant to the sentencing guidelines. This plea agreement provides for no guarantee concerning the actual sentence to be imposed.

Defendant further understands defendant will have no right to withdraw defendant's guilty plea if the sentence imposed is other than defendant hoped for or anticipated.

12. _KB_ The parties stipulate and agree the United States Sentencing Guidelines should be applied, at least, as follows:

Aggravated Identity Theft (Count 2)

A. Pursuant to USSG §2B1.6, the Guidelines sentence is two years' imprisonment, *i.e.*, the statutorily mandated sentence, which must run consecutively to all other counts of conviction.

Bankruptcy Fraud (Count 3)

B. **Base Offense Level – Bankruptcy Fraud:** For Count 3, pursuant to USSG §2B1.1(a)(2), the appropriate base offense level is 6.

C. **Bankruptcy Fraud:** For Count 3, pursuant to USSG §2B1.1(b)(9), a **two-level increase, or an increase to a level 10, whichever is higher,** applies, because defendant's offense involved a misrepresentation during the course of a bankruptcy proceeding.

D. **Acceptance of Responsibility (Chapter 3 adjustment):** The United States agrees for purposes of USSG §3E1.1(b) that defendant timely notified authorities of defendant's intention to enter a guilty plea. However, the United States may withhold a motion under USSG §3E1.1(b) based on any interest identified in USSG §3E1.1 or the commentary thereto.

E. **Criminal History (Chapter 4):** No agreement has been reached regarding defendant's criminal history. The parties reserve the right to contest the Probation Office's determination of defendant's criminal history and criminal history category under Chapter Four of the sentencing guidelines. In addition, defendant understands that, if defendant's criminal history would result in a higher base offense level under any guideline, the government is free to seek such a base offense level.

F. **Departure – USSG §5K1.1 and 18 U.S.C. § 3553(e):** The United States will not make a motion for downward departure under §5K1.1

or any other provision of the United States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.

*KB* G. No other agreements have been reached, and the parties are free to litigate in the district court any and all other applicable adjustments, departures, or cross-references under the United States Sentencing Guidelines, and any variances of any kind from the advisory guideline range, in any amount, in either direction.

13. *KB* Defendant, defendant's attorney, and the United States may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, so long as the offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information and authority to the Probation Office and Court for use in preparing and litigating adjustments, enhancements, or departures scored in the presentence report, including offering statements made by defendant at any time.

14. *KB* The parties are free to contest or defend any ruling of the Court, unless otherwise limited by this agreement, on appeal or in any other post-conviction proceeding.

15. *KB* Defendant understands that, pursuant to the Victim and Witness Protection Act, Title I of the Justice for All Act, and the regulations promulgated under the Act by the Attorney General of the United States:

A. The victim of a crime is given the opportunity to comment on the offense and make recommendations regarding the sentence to be imposed. Defendant understands the victim's comments and recommendations may be different from those of the parties to this agreement.

B. The government is required to consult with victims of serious crimes to obtain their views regarding the appropriate disposition of the case against defendant and to make any such information regarding sentencing known to the Court. Defendant understands any victim's opinions and recommendations may be different from those presented by the government.

C. The government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly complicate

the sentencing proceeding," and the Court is authorized to order restitution by defendant to victims of crime, including, but not limited to, restitution for property loss, personal injury, or death.

## CONDITIONS OF SUPERVISION

16. _KB_ If probation or a term of supervised release is ordered, the parties are free to seek whatever conditions they deem appropriate.

## FINANCIAL MATTERS

17. _KB_ Defendant agrees to pay a special assessment of $100 per count, for a total of $200, as required by 18 U.S.C. § 3013. Defendant may pay the special assessment to the Clerk of Court using the enclosed payment coupon. Defendant or defendant's representative will send or deliver the special assessment payment to the U.S. District Clerk of Court, 111 Seventh Avenue, SE, Box 12, Cedar Rapids, IA 52401. If payment is made in the form of a check or money order, it should be made out to the "U.S. District Clerk of Court."

18. _KB_ Defendant agrees that defendant will be required to pay restitution for the full amount of the victims' losses to all victims of the offenses to which defendant is pleading guilty pursuant to any applicable restitution statute. In addition, defendant agrees that defendant will pay restitution for the full amount of the victims' losses to all victims of any offenses dismissed as a result of this plea agreement and any offenses not charged as a result of this plea agreement, including Financial Institution Fraud in violation of 18 U.S.C. § 1344; Wire and Mail Fraud in violation of 18 U.S.C. §§ 1341 and 1343. Defendant also agrees that defendant will pay restitution for the full amount of the victims' losses to all victims of the following conduct: vehicle title stripping, *i.e.*, depriving secured lenders of their interests in vehicles for which defendant and Individual-1 had obtained loans. Defendant agrees that the victims entitled to restitution include but are not limited to the following: N.B., CU-1, the creditors in her Chapter 7 bankruptcy proceeding, and Bank-1. For purposes of this paragraph, the term "victim" includes both statutory victims and persons directly and proximately harmed as a result of the conduct outlined in this paragraph; defendant agrees to pay restitution to non-statutory victims pursuant to 18 U.S.C. §§ 3663 and 3663A. Defendant further understands the amount of loss sustained by each victim will be investigated during the course of preparation of the presentence investigation report. Defendant agrees to cooperate in the investigation of the amount of loss and the identification of victims. Defendant agrees that full restitution will be ordered regardless of defendant's financial resources. Any restitution obligation should be

paid to the Clerk of Court for eventual disbursement to the victims. Complete restitution shall be due and payable at or before the time of sentencing. Defendant agrees to cooperate in efforts to collect the restitution obligation, by any means the United States deems appropriate. Defendant understands imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action. Defendant agrees any restitution imposed will be non-dischargeable in any bankruptcy proceeding and defendant will not seek a discharge or a finding of dischargeability as to the restitution obligation.

19. __KB__ Defendant agrees to fully complete the enclosed Authorization to Release Credit Information pursuant to 15 U.S.C. § 1681b(a)(2). Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any supporting information or documentation in defendant's possession or control regarding the information contained in the consumer credit report. In addition, defendant agrees to take any additional action requested by the United States to obtain financial information about defendant in the hands of third parties. This request includes, but is not limited to, mortgages, financial statements, loan applications or requests for extension of credit, financing statements, security agreements, subordinations, promissory notes, account information, tax returns, W2s, child support obligations, and any other document that may be held by a third party containing financial information about defendant. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal, interest, and penalties, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant as well as satisfy any forfeiture obligations. Defendant further understands and agrees the United States can and will release such information to the United States Probation Office for the Northern District of Iowa.

20. __KB__ Defendant agrees to fully and truthfully complete the enclosed financial statement form. Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any information or documentation in defendant's possession or control regarding defendant's financial affairs and agrees to submit to a debtor's examination when requested. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal and interest, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant.

## GENERAL MATTERS

21. _KB_ Defendant shall not violate any local, state, or federal law during the pendency of this agreement. Any law violation, with the exception of speeding or parking violations, committed by defendant will constitute a breach of this agreement and may result in the revocation of the entire agreement or any of its terms. Defendant or defendant's attorney shall notify this office within 48 hours if defendant is questioned, charged, or arrested for any law violation.

22. _KB_ If defendant violates any term or condition of this plea agreement, in any respect, the entire agreement will be deemed to have been breached and may be rendered null and void by the United States. Defendant understands, however, the government may elect to proceed with the guilty plea and sentencing. These decisions shall be in the sole discretion of the United States. If defendant does breach this agreement, defendant faces the following consequences: (1) all testimony and other information defendant has provided at any time (including any stipulations in this agreement) to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand jury may and will be used against defendant in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

23. _KB_ Defendant waives all claims defendant may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment to the Constitution. Defendant also agrees any delay between the signing of this agreement and the final disposition of this case constitutes excludable time under 18 U.S.C. § 3161 et seq. (the Speedy Trial Act) and related provisions.

24. _KB_ Any dismissal of counts or agreement to forego filing charges is conditional upon final resolution of this matter. If this agreement is revoked or defendant's conviction is ultimately overturned, the United States retains the right to reinstate previously dismissed counts and to file charges that were not filed because of this agreement. Dismissed counts may be reinstated and uncharged offenses may be filed if: (1) the plea agreement is revoked, or (2) defendant successfully challenges defendant's conviction through a final order in any appeal, cross-appeal, habeas corpus action, or other post-conviction relief matter. A final order is an order not subject to further review or an order that no party challenges.

The United States may reinstate any dismissed counts or file any uncharged offenses within 90 days of the filing date of the final order. Defendant waives all constitutional and statutory speedy trial rights defendant may have. Defendant also waives all statute of limitations or other objections or defenses defendant may have related to the timing or timeliness of the filing or prosecution of charges referred to in this paragraph.

## ACKNOWLEDGMENT OF DEFENDANT'S UNDERSTANDING

25. _KB_ Defendant acknowledges defendant has read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions. Defendant has discussed the case and defendant's constitutional and other rights with defendant's attorney. Defendant understands that, by entering a plea of guilty, defendant will be giving up the right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in defendant's defense; to remain silent and refuse to be a witness by asserting defendant's privilege against self-incrimination; and to be presumed innocent until proven guilty beyond a reasonable doubt. Defendant agrees defendant's attorney has represented defendant in a competent manner and has no complaints about that lawyer's representation. Defendant states defendant is not now on or under the influence of, any drug, medication, liquor, or other substance, whether prescribed by a physician or not, that would impair defendant's ability to fully understand the terms and conditions of this plea agreement.

26. _KB_ Defendant acknowledges that NO prior plea offers have expired or been rejected.

27. _KB_ Defendant acknowledges defendant is entering into this plea agreement and is pleading guilty freely and voluntarily because defendant is guilty and for no other reason. Defendant further acknowledges defendant is entering into this agreement without reliance upon any discussions between the government and defendant (other than those specifically described in this plea agreement), without promise of benefit of any kind (other than any matters contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. Defendant further acknowledges defendant's understanding of the nature of each offense to which defendant is pleading guilty, including the penalties provided by law.

28. _KB_ Defendant further understands defendant will be adjudicated guilty of each offense to which defendant will plead guilty and will thereby be deprived of certain rights, including, but not limited to, the right to vote, to hold

public office, to serve on a jury, and to possess firearms and ammunition. If defendant is a naturalized citizen of the United States, a conviction in this case could lead to defendant being denaturalized as a United States citizen and subject to removal from the United States. If defendant is removed from the United States for any reason, a conviction in this case may also cause defendant to be denied admission to the United States in the future. Defendant nevertheless affirms defendant wants to plead guilty, even if the guilty plea may adversely impact the outcome of any pending or subsequent immigration proceedings. Defendant understands the government reserves the right to notify any state or federal agency by whom defendant is licensed, or with whom defendant does business, of the fact of defendant's conviction.

## VERIFICATION

29. ___*VB*___ This letter constitutes the entire agreement between the parties. No other promises of any kind, express or implied, have been made to defendant by the United States or its agents. No additional agreement may be entered into unless in writing and signed by all parties. The agreement will not be deemed to be valid unless and until all signatures appear where indicated below.

If this agreement is acceptable, please have your client indicate acceptance by placing initials on the line preceding each of the above paragraphs and by signing below where indicated. By initialing each paragraph and signing below, defendant acknowledges defendant has read, fully understands, and agrees to each paragraph of this agreement. Please return all enclosures, completed and signed, with this signed letter to the U.S. Attorney's Office.

Please complete the enclosed Consent to Proceed Before the Magistrate Judge. This document is needed to allow the Magistrate Judge to receive defendant's guilty plea.

Finally, please remember to pay the special assessment as agreed above.

Thank you for your cooperation.

Sincerely,

LEIF OLSON
United States Attorney

By, /s/ *Timothy L. Vavricek*

TIMOTHY L. VAVRICEK
Assistant United States Attorney

ENCLOSURES:
Financial Statement Form
Special Assessment Payment Coupon
Authorization to Release Credit Information
Consent to Proceed Before Magistrate Judge

The undersigned defendant, with advice of counsel, accepts the terms of this plea agreement. The undersigned Assistant United States Attorney accepts the terms of the executed plea agreement.

| | | |
|---|---|---|
| KYLIE JO BENCH<br>Defendant | 4/1/2026<br>Date | Digitally signed by TIMOTHY VAVRICEK<br>Date: 2026.04.06 10:04:12 -05'00'<br>TIMOTHY L. VAVRICEK        Date<br>Assistant United States Attorney |
| CHRISTOPHER J. NATHAN<br>Attorney for Defendant | 4/1/26<br>Date | |